UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZURICH AMERICA INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6774** |
| **QUEENS MACHINERY CO., LTD.** | **SECTION "A" (3)** |

## ORDER

On April 23, 2014, the Motion to Compel Zurich American Insurance Company to Produce Corporate Representatives on Behalf of Queen's Machinery Co., Ltd. [Doc. #10] and the Motion for a Protective Order Under Fed. Rule Civil Proc. 26(c) [Doc. #16] came on for oral hearing before the undersigned. Present were Michael Peytavin on behalf of plaintiff and Stephen Perrien on behalf of defendant. After the oral hearing, the Court took the motions under advisement. The parties filed post-hearing memoranda. Having reviewed the motions, the oppositions and the case law, the Court rules as follows.

**I.    Background**

Defendant Queens Machinery Co., Ltd. ("Queens") is the manufacturer of a piece of machinery that intervenor Nhut Nguyen contends is defective and caused him injury in the course of his employment with Alpine Plastics ("Alpine"). Nguyen alleges that an extruder electrocuted him. Nguyen sued Queens in state court for damages and requested a trial by jury.

Plaintiff Zurich America Insurance Company ("Zurich") is the worker's compensation carrier

for Alpine. Zurich has paid and may continue to pay benefits to Nguyen. Pursuant to subrogation rights under Louisiana Revised Statute § 23:1101(B), Zurich seeks to recover from Queens worker's compensation benefits paid to Nguyen. Zurich sued in state court, and Queens removed the lawsuit.

## II. The Parties' Contentions

### A. Motion to Compel Zurich American Insurance Company to Produce Corporate Representatives on Behalf of Queen's Machinery Co., Ltd.

After exhaustively outlining Nguyen's medical treatment after the alleged incident, Queens notes that it asserted two dismissed counterclaims against Zurich in state court – a mishandling counterclaim and a spoliation counterclaim. The mishandling counterclaim essentially alleged that Zurich mishandled Nguyen's medical treatment and would not have incurred the expenses that it did had it not mishandled the claim. The spoliation counterclaim alleged that Zurich failed to instruct Alpine to preserve the extruder and the heater band.

Queens notes that Zurich argues that discovery is not allowed on dismissed claims. Citing case law, Queens contends that courts allow discovery on dismissed claims if the discovery is still relevant to remaining claims in the lawsuit.

Queens argues that discovery on its mishandling counterclaim is relevant to whether Nguyen is malingering. It contends that the jury will want to know why Zurich did not uncover Nguyen's fraud long ago. Queens asserts that it is entitled to ask Ms. Marquez, Zurich's corporate representative, why she did not do anything with respect to certain doctor's reports. Queens maintains that Zurich must demonstrate that its payments were reasonable and necessary in order to recover the amounts from it. Queens notes that it has also pleaded the affirmative defense that Zurich failed to mitigate its damages. Queens argues that Zurich failed to provide two doctors' reports and a surveillance video to a Dr. Puente who, after seeing the reports and surveillance video,

later determined that Nguyen was a malingerer.

With regard to the spoliation counterclaim, Queens notes that it will seek a jury instruction that the jury is to presume that the missing heater band and extruder were in a condition detrimental to Zurich's and Nguyen's claims. Queens also notes that the state appeals court determined that an adverse presumption was available.

Lastly, Queens notes that the state court had ordered the depositions of Zurich's corporate representatives to go forward with no limitations even before it had filed its counterclaims.

### B. Zurich's Opposition

Zurich notes that the Louisiana Fifth Circuit Court of Appeal upheld the dismissal with prejudice of Queens spoliation counterclaim. That court held that Zurich had no duty to preserve evidence in the hands of Alpine. Zurich thus contends that Queens is not entitled to an adverse presumption as that holding is the law of the case. Citing case law from the Supreme Court, Zurich argues that state-court orders issued prior to removal to federal court are entitled to full, binding effect.

Zurich also contends that the collateral source rule prohibits evidence that reveals that a personal-injury plaintiff is receiving collateral – worker's compensation – benefits. Citing the Louisiana Code of Evidence, Zurich notes that evidence of the nature and extent of a worker's compensation claim or of payment of past or future worker's compensation benefits is not admissible to a jury directly or indirectly. Zurich thus maintains that evidence with respect to its "mishandling" of Nguyen's claim is inadmissible.

Zurich argues that Queens seeks to elicit testimony from a workers' compensation adjuster – Ms. Marquez – with respect to her own analysis of Nguyen's injuries. Zurich maintains that there

is no statutory or jurisprudential support that such evidence is competent, much less admissible. Even were the evidence relevant, Zurich contends that its probative value is outweighed by the danger of unfair prejudice, confusion of issues and misleading the jury. The worker's compensation adjuster is not a medical professional competent to give opinions on the cause or extent of Nguyen's injuries.

Lastly, Zurich argues that a 2006 federal-court order – that Zurich produce its corporate representative – has no bearing on its motion. Zurich notes that Queens' counterclaims have now come and gone, thereby changing the facts underlying the earlier order.

### C.   Nguyen's Opposition

Nguyen adopts the arguments raised in Zurich's opposition, arguing only that he had nothing to do with any spoliation as he was in the hospital at the time of the disappearance of the extruder and the investigation of its disappearance.

### D.   Motion for a Protective Order Under Fed. Rule Civil Proc. 26(c) and Queen's Opposition

These are a corresponding motion and opposition to the motion to compel and its opposition.

### E.   The Parties' Post-Hearing Memoranda

Pursuant to this Court's minute entry, the parties filed supplemental, post-hearing memoranda on the specific deposition topics to which Zurich objects. The Court will outline the arguments in these memoranda below.

## III.   Law and Analysis

For the following reasons, the Court grants in part and denies in part both motions. The Court makes the following overall rulings. First, and for the most part, the Court finds that Queens'

motion to compel is no more than an end-run around the earlier state-court dismissals of its counterclaims in an attempt to revive them here. Queens' argument that the discovery is still relevant to issues remaining in the lawsuit is largely without merit.

Second, Queens is not entitled to an adverse presumption under state law. The Louisiana Fifth Circuit Court of Appeal has already determined this, and that issue is over. This Court must give full faith and credit to the state-court ruling. A judgment rendered by a state court of competent jurisdiction is entitled to full faith and credit in federal court. *Conticarriers & Terminals, Inc. v. Delta Bulk Terminal*, 807 F. Supp. 1252, 1253 (M.D. La. 1992) (citing 28 U.S.C. § 1738). Any evidence on the spoliation counterclaim is thus irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Further, any evidence from the corporate representative as to Nguyen's injuries, and thus any alleged "mishandling," is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Marquez is not a doctor or an expert in medicine. She is a lay person, a worker's compensation adjuster. Any evidence from her on such a subject is irrelevant and – ultimately – inadmissible. Fed. R. Evid. 701.

The Court strikes for the most part the earlier 2006 deposition notice. Queens seeks to depose Zurich's Rule 30(b)(6) representative on all of the topics listed in the 2006 deposition notice as well as 30 new topics in the recently-propounded deposition notice. Queens may not do so. Zurich produced Donna Phillips for a deposition to respond to that deposition notice, and with regard to those topics to which Phillips responded, that notice is satisfied. Queens may depose Marquez as to those topics to which Phillips could not respond because Marquez was the adjuster assigned to Nguyen's claim. Queens has not, however, designated those specific topics and must

do so now.  It may not depose Marquez as to all of the topics in the earlier 2006 deposition.  *Johnson v. Big Lot Stores*, 253 F.R.D 381, 394-95 (E.D. La. 2008).

With regard to the specific deposition topics in the recently-propounded deposition notice, the Court finds that Zurich shall produce Marquez and a Ms. Kleinman.  Marquez shall respond to deposition topics that relate to the handling of Nguyen's claim.  Kleinman shall respond to those issues that relate to subrogation.

With regard to the recent Rule 30(b)(6) deposition notice, the Court strikes Topic Nos. 2-13 and 17-18.  Queens has cited this Court to no case law – and this Court has found none – to support the argument that it may depose a lay worker's compensation adjuster on her evaluation of Nguyen's medical records and the steps taken by her in handling the worker's compensation claim to support Queens' defense that Nguyen is a malingerer.  As noted above, Marquez is not a doctor, nor an expert in medicine.  Should Queens seek to depose an individual as to Nguyen's medical condition, it may depose an expert who examined and/or treated him, but not Marquez.

With regard to Topic Nos. 19-22, the Court finds that they are reasonably calculated to lead to the discovery of admissible evidence.  Queens may depose Kleinman on these topics, to the extent that she is able to respond to them.

Topic No. 23 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   It is thus stricken.

Queens may depose Marquez as to Topic Nos. 24, 26, 27, 29 and 30 but only to the extent that and with regard to the time frame that Marquez adjusted Nguyen's claim.

Topic No. 25 is stricken for the reasons outlined above as to spoliation.

And lastly, Topic No. 28 is stricken as it appears to seek information protected by the

attorney-client and/or work-product privileges. Queens has not met its burden of demonstrating that it can not obtain the information from other sources.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel Zurich American Insurance Company to Produce Corporate Representatives on Behalf of Queen's Machinery Co., Ltd. [Doc. #10] and the Motion for a Protective Order Under Fed. Rule Civil Proc. 26(c) [Doc. #16] are GRANTED IN PART and DENIED IN PART as outlined above.

New Orleans, Louisiana, this 7th day of August, 2014.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**